**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KINZA KHAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** |
| **v.** | ) | |
| | ) | |
| **WAYNE LEVINSON and CANARY MISSION,** | ) | |
| | ) | |
| | ) | **Jury Trial Requested** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff, KINZA KHAN ("Plaintiff"), by and through her attorney, Joseph Milburn of the Council on American-Islamic Relations, Chicago Office (CAIR-Chicago), complaining of Defendants, WAYNE LEVINSON and CANARY MISSION ("Defendants"), states as follows:

## NATURE OF THE CASE

1.     Plaintiff seeks injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful violation of Plaintiff's rights guaranteed to her by the Illinois Civil Liability for Doxing Act (740 ILCS 195/1 *et seq*.) as a result of the retaliation, harassment, and doxing that she suffered due to the actions of the named Defendants.

## JURISDICTION AND VENUE

2.     This Court's diversity jurisdiction is properly invoked pursuant to 28 U.S.C. 1332 because on information and belief, Defendant WAYNE LEVINSON resides in the State of Washington, while Plaintiff is a resident of the State of Illinois, and Plaintiff is seeking damages in an amount greater than $75,000.00.

3.     Additionally, upon information and belief, Defendant CANARY MISSION is an entity organized and registered under the laws of the State of New York and it has its principal place of business in the State of New York, and therefore it is considered a citizen of that State pursuant to 28 U.S.C. § 1332.

4.     This Court has personal jurisdiction over the Defendants because they have engaged in business activities and maintain an on-line internet presence throughout the State of Illinois and within this judicial District.

5.     This court is a proper venue under 28 USC § 1391 because Plaintiff is a resident of this judicial District, and because a substantial part of the events giving rise to the claims herein occurred in this District.

## PARTIES

6.     Plaintiff KINZA KHAN is a Pakistani Muslim woman who currently resides in the Northern District of Illinois.

7.     Upon information and belief, Defendant WAYNE LEVINSON a resident of Washington State.

8.     Upon information and belief, Defendant CANARY MISSION, a website which regularly compiles dossiers on student activists, professors, and organizations that it considers to be

allegedly anti-Israel or anti-Semitic, and publishes their private information publicly, is organized and registered under the laws of the State of New York, and has its principal place of business in the State of New York.

## <u>ALLEGATIONS COMMON TO ALL COUNTS</u>

9.      Plaintiff is a Pakistani Muslim woman and an Illinois-licensed attorney.

10.     On or about November 11, 2023, Plaintiff and a friend were walking down Broadway Street in Chicago, Illinois, and passed by a light pole which had a number of "Kidnapped by Hamas" posters taped on it.

11.     Plaintiff and her friend were looking at the posters on the pole.

12.     At that time, Defendant Wayne Levinson drove past in his vehicle and identified himself to Plaintiff and yelled at Plaintiff through his window while waving two small Israeli flags. He said, "Why are you ripping off that poster? Go back to your country you cunts."

13.     Suddenly, a bystander (a tall white male) unknown to Plaintiff began to remove the posters with a knife.

14.     Defendant Levinson then got out of his vehicle and began recording Plaintiff without her consent. *See* Exhibit A, a copy of the videotape posted by Defendant Levinson.

15.     Plaintiff informed Defendant Levinson that she had his license plate number, and Defendant Levinson responded that it was not his vehicle.

16.     Defendant Levinson then began to berate Plaintiff, while moving closer to her with a camera, stating, "What's your name? I'm going to make sure you never have a job again." *See* Exhibit A.

17.     Plaintiff responded to Defendant Levinson with her name and occupation, and informed

him that she would be calling the police. Defendant laughed at Plaintiff and alleged that he already called the police on her. *See* Exhibit A.

18. Defendant Levinson then began harassing Plaintiff's friend and asking for her name. Plaintiff's friend walked away from him. *See* Exhibit A.

19. Witnessing Defendant Levinson's aggressive behavior toward Plaintiff, bystanders began telling him to leave Plaintiff alone. Bystanders also called security for the Mariano's Market nearby.

20. Plaintiff recalls a bystander stating, "That's not okay. Go inside. He's bothering you. Get away from him," and telling Defendant Levinson to leave Plaintiff alone. *See* Exhibit A.

21. Plaintiff sought refuge in the Mariano's Market located nearby. *See* Exhibit A.

22. Defendant Levinson continued to record Plaintiff and brought his camera extremely close to her friend's face.

23. Plaintiff saw Defendant Levinson approaching her friend aggressively and Plaintiff said to him, "Don't hit her!"

24. Plaintiff then walked away to explain the situation to the police on the phone. *See* Exhibit B, a copy of the police report.

25. Witnesses at the scene had called Mariano's security. Once the security officers asked Defendant to leave multiple times, he left the scene.

26. Defendant continued to harass and intimidate Plaintiff through the windows outside of Mariano's.

27. Eventually, Chicago Police Officer Sebastian Rejniak, Badge Number 18111, and Officers Aquino-Bergman and Gomez, arrived at Mariano's. Plaintiff saw them arrive and went outside to meet with the reporting officers when Defendant laughed and stated, "I'm going to say you

assaulted me."

28.    Reporting Officer Rejniak informed Plaintiff that Defendant said that he doesn't mind if he gets arrested, but he wants to make sure Plaintiff's friend gets arrested for assault.

29.    Later, a Sergeant arrived and spoke to Plaintiff about the situation and confirmed that Plaintiff's friend was afraid Defendant Levinson was going to exert physical violence and therefore her friend's actions were done in self-defense.

30.    The Sergeant chose not to press charges on either party. During this incident, Plaintiff and her friend had to remain in the Mariano's for more than two hours.

31.    Defendant Levinson then posted video of the incident on his Instagram page and in a number of group chats, and falsely alleged that Plaintiff assaulted him and other bystanders, that she was anti-Semitic, and that she was ripping down posters of kidnapped children. *See* Group Exhibit C, screenshots of the postings made by Defendant Levinson. The video is still uploaded to his public Instagram account as of the present date.

32.    Defendant Levinson shared the video of the incident as well as the untrue allegations against Plaintiff across multiple social media channels. *See* Group Exhibit C.

33.    Defendant Levinson also shared private information about Plaintiff on his Instagram page without her consent (including, but not limited to, her employment information). *See* Group Exhibit C.

34.    As a result of Defendant Levinson's intent to dox Plaintiff, Plaintiff received numerous angry messages on her social media accounts, including threats. *See* Group Exhibit D, screenshots of the messages received by Plaintiff as a result of Defendant Levinson's posts.

35.    Defendant Levinson's actions caused many people to flood comments onto Plaintiff's social media pages, calling her a "Nazi, a Jew-hater, and antisemite," among other things. *See*

Group Exhibit D.

36.     Further, many people have reached out to Plaintiff's employers asking them to fire her. *See* Group Exhibit E, materials showing the adverse employment consequences to Plaintiff.

37.     Many people and organizations with whom Plaintiff associates have been harassed and their social media pages have also been flooded with threatening voicemails and text messages as a result of Defendant Levinson's inaccurate posts about Plaintiff.

38.     Defendant Canary Mission has since re-published the false social media postings made by Defendant Levinson against Plaintiff, in addition to creating a whole page about her, complete with inaccuracies. *See* Exhibit F, screenshots of the inaccurate posts made about Plaintiff by Canary Mission.

39.     Some of the inaccuracies on the webpage created by Defendant Canary Mission include, but are not limited to:

a.      "Kinza Khan has justified Hamas terrorism and spread anti-Semitism online"

b.      "On November 7, 2023, Khan was filmed joining someone who was ripping down posters…"

40.     Plaintiff has been emotionally distraught as a result of the threats and the hate speech directed against her as a result of Defendant Levinson's careless and inaccurate postings about her on social media, and the re-publishing of such by Defendant Canary Mission.

41.     As a consequence of the emotional distress which she experienced due to Defendants' public harassment and doxing, Plaintiff has suffered substantial life disruptions and serious economic injury including, but not limited to:

a.      Increased anxiety and significant emotional distress, including a fear of death and/or bodily injury;

b.      Missed work;

c.      Increased therapy to manage the anxiety and stress, including co-pay payments and other health-related expenses;

d.      Expenditures related to responding to the doxing on line; and

e.      The loss of her good name and reputation in the community, and a reduction in her standing in the professional community.

## COUNT I – VIOLATIONS OF THE ILLINOIS CIVIL LIABILITY FOR DOXING ACT
### (Against All Defendants)

42.      Plaintiff re-asserts and re-alleges Paragraphs 1 through 41 above as though fully set forth verbatim herein.

43.      An individual engages in the act of doxing when that individual intentionally publishes another person's personally identifiable information without that person's consent, and the information is published with the intent that it be used to harm or harass the person and with knowledge or reckless disregard that the person would be reasonably likely to suffer death, bodily injury, or stalking. Illinois Civil Liability for Doxing Act, 740 ILCS 195/10.

44.      Per the Act, doxing occurs when the publishing of the person's information causes the person significant economic injury or emotional distress, or to fear serious bodily injury or death, or causes the person to suffer a substantial life disruption, provided the person is identifiable from the information published. 740 ILCS 195/10.

45.      Defendants subjected Plaintiff to unlawful doxing through the posting of Plaintiff's image and private information, thereby negatively altering the conditions of her life and employment and

creating an unsafe, dangerous environment for her.

46.     The aforementioned acts and omissions of Defendants were intentional, reckless, and malicious acts and unlawful violations of Plaintiff's rights as protected under the Illinois Civil Liability for Doxing Act.

47.     As a direct and proximate result of Defendants' actions and omissions, Plaintiff has suffered significant economic injury and a substantial life disruption, as well as emotional distress and a fear of serious bodily injury or death, among other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KINZA KHAN, requests that this Honorable Court enter judgment in her favor and against Defendants, and enter an Order awarding Plaintiff the following relief:

A.     Compensatory damages in an amount in excess of $75,000.00;

B.     An award of costs, as provided by the Illinois Civil Liability for Doxing Act, 740 ILCS 195/15;

C.     An award of reasonable attorney's fees, as provided by the Illinois Civil Liability for Doxing Act, 740 ILCS 195/15;

D.     Declaratory and permanent injunctive relief to abate the harassment of Plaintiff; and

E.     Such other and further relief as this Honorable Court deems equitable and just.

## **JURY TRIAL DEMAND**

Plaintiff hereby requests a jury trial on all issues of fact and law raised by the allegations contained

in this Complaint.


Respectfully Submitted,

KINZA KHAN
Plaintiff


BY:      /s/ Joe Milburn_____
One of her Attorneys



Joe Milburn
Attorney for Plaintiff
Council on American-Islamic Relations,
Chicago Office (CAIR-Chicago)
17 N. State St., Suite 1500
Chicago, IL 60602
Phone: 312-212-1520
j-milburn@cair.com
Atty. No. 6336395