IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KINZA KHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 1:24-cv-05882 |
| v. | ) |
| | ) |
| WAYNE LEVINSON and | ) |
| CANARY MISSION, | ) |
| | ) |
| | ) **Jury Trial Requested** |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**PLAINTIFF'S MOTION TO VACATE ORDER DISMISSING CASE**

NOW COMES Kinza Khan ("Plaintiff"), by and through her attorney, Joseph Milburn of the Council on American-Islamic Relations, Chicago Office (CAIR-Chicago) and pursuant to Fed. R. Civ. Pro. 60(b)(6) moving this Honorable Court to vacate the Order entered on August 15, 2024 [Dkt. 7] dismissing this case for want of prosecution, stating as follows:

1. On August 15, 2024, this Honorable Court dismissed this case without prejudice for failure to adequately allege a basis for subject matter jurisdiction, failure to prosecute, and failure to comply with a court order. [Dkt. 6].

2. Prior to the Court entering its dismissal, the entered a minute order ordering the plaintiff to show cause by 8/2/2024 why the case should not be dismissed for lack of subject matter jurisdiction alleging that Plaintiff's complaint does not contain allegations sufficient to enable the court to assess the citizenship of the individuals named in the complaint. *See Guar. Nat. Title Co. v. J.E.G.*

1

*Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (indicating that "domicile," not "residence," determines the citizenship of individuals) [Dkt 5]

3. The jurisdiction and venue section of the complaint in paragraph 2 states that diversity jurisdiction is invoked pursuant to § 1332. Diversity of citizenship; amount in controversy; costs, as the parties are from different states and the amount in controversy exceeds $75,000. It also claims personal jurisdiction over the defendants due to their business activities and online presence in Illinois. Venue is claimed to be proper under § 1391. Venue generally because the plaintiff resides in the district and significant events occurred there.

4. The complaint in paragraph 3 further stated that Defendant CANARY MISSION is an entity organized and registered under the laws of the State of New York and it has its principal place of business in the State of New York, and therefore it is considered a citizen of that State pursuant to 28 U.S.C. § 1332. Therefore CANARY MISSION is domiciled in New York.

5. The Complaint stated that the Court's diversity jurisdiction is properly invoked pursuant to 28 U.S.C. 1332 because on information and belief, Defendant WAYNE LEVINSON resides in the State of Washington, while Plaintiff is a resident of the State of Illinois, and Plaintiff is seeking damages in an amount greater than $75,000.00.

6. Pursuant to Rule 60(b)(6), upon a motion and just terms, the court may relieve a party or its legal representative from an order for any reason that justifies relief. Fed. R. Civ. Pro. 60(b)(6).

7. There is compelling basis to relieve the Plaintiff of the dismissal order as the Plaintiff's complaint sufficiently alleges the diversity jurisdiction. Moreover, the Court should not punish the Plaintiff.

8. Simply put, the Court should not punish the Plaintiff for an inadvertent oversight by her counsel.

9. The 7th Circuit Court has held that in all but the most egregious circumstances that the proper exercise of district court discretion is to dismiss an action for want of prosecution only after giving "due warning" to plaintiff's counsel. Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir.1993).

10. Here, the Court did not give the Plaintiff "due warning" prior to dismissing the case.

11. Although Plaintiff's counsel committed a mistake by failing to timely file the jurisdictional statement, the punishment for the mistake (dismissal) was rather harsh and disproportionate.

12. As set forth above, Plaintiff's Complaint sufficiently demonstrates that the Court has subject-matter jurisdiction over this matter and should not have been dismissed for that basis.

13. Accordingly, vacating the order of dismissal would be appropriate under the circumstances.

14. Moreover, vacating the order would not be prejudicial to any parties as the case is in its early stages and defendants have not yet filed an appearance.

WHEREFORE, Plaintiff respectfully requests that the Court vacate its August 15, 2024 Order dismissing the case.

Respectfully Submitted,

KINZA KHAN
Plaintiff

BY: /s/ Joe Milburn
One of her Attorneys

Joe Milburn Esq.
Attorney for Plaintiff
Council on American-Islamic Relations,
Chicago Office (CAIR-Chicago)
17 North State St., Suite 1500
Chicago, IL 60602
Phone: 312-212-1520

FAX: 312-212-1530
j-milburn@cair.com
Atty. No. 6336395

## **CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for Plaintiff, certifies that on August 16, 2024, he caused a copy of the foregoing Plaintiff's Motion to Vacate Order Dismissing Case, to be served by CM/ECF on all parties of record.

/s/ Joe Milburn
*Counsel for Plaintiff*
